O / JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2267 ODW (SSx) | Date | October 14, 2008 |
|---|---|---|---|
| Title | *Lawrence J. Turner v. Chevron U.S.A., Inc., et al.* | | |

| Present: | The Honorable Otis D. Wright II, United States District Judge | |
|---|---|---|
| Raymond Neal | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):         Attorneys Present for Defendant(s):

Not Present                                                   Not Present

**Proceedings:**    Order Granting Defendants' 12(b)(6) Motion and Dismissing Action

I.   INTRODUCTION

In 2004, pursuant to California law, gasoline refiners and marketers, including Defendants,[1] began to replace the gasoline oxygenate methyl tertiary-butyl ether ("MTBE") with another oxygenate, ethanol.  When used in boats and near water, ethanol allegedly shortens the gasoline's shelf-life and causes the fuel to contaminate or separate, which dissolves the resins that bind together fiberglass fuel tanks.  This allegedly destroys the tanks.  Additionally, the dissolved resin enters the fuel system and sticks to the motor, allegedly causing damage to boat engines.

Plaintiff Lawrence Turner, a Los Angeles County resident, seeks to bring a class action against Defendants on a market theory of liability.  Plaintiff alleges that Defendants distributed, marketed, and sold ethanol blended gasoline for use in boats without providing the consuming public with notice that damage to boat engines and gasoline tanks could occur.  In his First Amended Complaint ("FAC"), Plaintiff asserts

---

[1] This motion was brought by Defendants Equilon Enterprises, LLC d/b/a Shell Oil Products U.S. (improperly named as Shell Oil Co.), Chevron U.S.A., Inc., Exxon Mobil Corporation, ConocoPhillips Co., Petro-Diamond, Inc., and Big West of California (collectively "Defendants").

O / JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2267 ODW (SSx) | Date | October 14, 2008 |
|---|---|---|---|
| Title | *Lawrence J. Turner v. Chevron U.S.A., Inc., et al.* | | |

claims for (1) products liability, (2) fraudulent concealment, and (3) violation of California Business and Professions Code section 17200. In response to Defendants' Motion, however, Plaintiff voluntarily dismissed his fraudulent concealment claim without prejudice. The FAC does not state where, when, or from which Defendants Plaintiff bought his gasoline.

Pending before the Court is Defendants' Motion to Dismiss, filed September 12, 2008. Plaintiff filed an Opposition to Defendants' Motion on September 22, 2008. Defendants filed their Reply brief on September 29, 2008. The Court heard oral argument on October 6, 2008. For the reasons detailed below, Defendants' Motion is GRANTED.

II.     DISCUSSION

   1.     **Legal Standard: Motion to Dismiss**

While a complaint attacked by a motion to dismiss does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, -- U.S. --, 127 S.Ct. 1955, 1964-65 (2007) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)) (courts need not "accept as true a legal conclusion couched as a factual allegation"). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, -- U.S --, 127 S.Ct. at 1965 (citations omitted).

"Leave need not be granted where the amendment [ ] would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Prop., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.") (citations omitted).

O / JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2267 ODW (SSx) | Date | October 14, 2008 |
|---|---|---|---|
| Title | *Lawrence J. Turner v. Chevron U.S.A., Inc., et al.* | | |

**2.     Analysis**

In 1990, Congress amended the Clean Air Act to create two federal programs regulating gasoline content – the Winder Oxygenated Fuels Program and the Reformulated Gasoline ("RFG") Program.  Both programs required the use of oxygenates in gasoline.  The two oxygenates commonly used to meet the Winter Oxygenated Fuels Program and RFG requirements were MTBE and ethanol.  In 2005, Congress enacted the Energy Policy Act, which impacted ethanol requirements in two ways.  First, the Energy Policy Act modified the federal Clean Air Act oxygenate program requirements.  Second, it created a new federal mandate, the Renewable Fuels Standard.  Specifically, the Energy Policy Act eliminated the oxygenate requirement from the RFG program.  It did not, however, repeal the Winter Oxygenated Fuels Program, which remains in effect today in Los Angeles County and surrounding areas.

Beginning in January 1, 2004, California Health and Safety Code section 43013.1(a) required the California Air Resources Board ("CARB") to ban all MTBE use in the state.  CARB also banned the use of any oxygenate other than ethanol in gasoline.  The federal policy establishes a mandate for the increasing use of ethanol in gasoline, and is consistent with California's ban on oxygenates other than ethanol.  Since ethanol is the only legal oxygenate in California, Defendants are compelled to use this particular oxygenate in their gasoline.  Still, Plaintiff argues that Defendants should be held liable for merely complying with state and federal law.  Plaintiff raises a products liability claim, consisting of product defect and failure to warn claims, and a claim under California Business and Professions Code section 17200.  The Court will discuss each of Plaintiff's claims in turn.

   *1.     Plaintiff's Products Liability Claim*

Under the Supremacy Clause, federal law will preempt state law when Congressional intent to preempt may be inferred from the existence of a pervasive federal regulatory scheme, or when state law conflicts with federal law or its purposes. *See English v. General Elec. Co.*, 496 U.S. 72, 78-79 (1990).  Generally, preemption exists when a state regulatory scheme or statute is in direct conflict with a federal regulation or statute.  *See Barnett Bank of Marion County, N.A. v. Nelson*, 517 U.S. 25, 30-31 (1996).

**O / JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2267 ODW (SSx) | Date | October 14, 2008 |
|---|---|---|---|
| Title | *Lawrence J. Turner v. Chevron U.S.A., Inc., et al.* | | |

In this case, however, the question is not whether two regulatory schemes clash, but whether the regulatory schemes conflict with Plaintiff's state common law tort claim. *See, e.g., Carden v. General Motors Corp.*, 509 F.3d 227 (5th Cir. 2007) (finding that Plaintiff's product liability claim based on the use of a lap-only seat belt was preempted by a federal motor vehicle safety standard that allowed *either* lap-only *or* lap/shoulder seat belts). Because Plaintiff's products liability (defect) claim is in direct conflict with both state law (requiring the use of ethanol) and federal law (requiring either ethanol or MTBE), the Court concludes that Plaintiff's claim is preempted.[2]

Additionally, Plaintiff argues that, even if the defect claim is preempted, his products liability "failure to warn" claim should survive. However, because Plaintiff's failure to warn claim is inextricably tied to his defect claim, this claim is also preempted. Stated differently, "[b]ecause Plaintiff's defective-design claim is preempted . . . there [i]s no defect about which to warn." *Irving v. Mazda Motor Corp.*, 136 F.3d 764, 770 (11th Cir. 1998). Accordingly, Defendants' Motion to Dismiss is GRANTED as to both the defect and failure to warn aspects of Plaintiff's products liability claim.

> 2. *Plaintiff's Unfair Competition Law Claim Under California Business and Professions Code § 17200*

Given the above analysis, Plaintiff also fails to state a claim under California Business and Professions Code § 17200. Other than conclusory allegations, Plaintiff's FAC pertaining to the 17200 claim essentially mirrors Plaintiff's failure to warn claim. Plaintiff argues, "consumers are not informed that Defendants' ethanol blended gasoline can and/or does cause significant damage when used in boats." (FAC ¶ 64). As stated above, Defendants are merely complying with federal and state law by using ethanol blended gasoline. For the same reasons Plaintiff's state common law claim is preempted, Plaintiff has failed to state a claim for which relief can be granted as to his 17200 claim.

---

[2] As Defendants point out, preemption is precisely the type of "impenetrable defense" that can subject a claim to Rule 12(b)(6) dismissal. *See, e.g., Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001 (9th Cir. 2008 (affirming Rule 12(b)(6) dismissal on preemption grounds); *Nathan Kimmel, Inc. v. DowElanco*, 275 F.3d 1199 (9th Cir. 2002) (same).

**O / JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-2267 ODW (SSx) | Date | October 14, 2008 |
|---|---|---|---|
| Title | *Lawrence J. Turner v. Chevron U.S.A., Inc., et al.* | | |

Therefore, Defendants' 12(b)(6) Motion as to the 17200 claim is GRANTED.

III. <u>CONCLUSION</u>

For the foregoing reasons, this Court concludes that Plaintiff's state law claims would stand "as an obstacle to the accomplishment and execution of the full purposes and objectives" of California Health and Safety Code section 43013.1(a) and the federal policy, and therefore are preempted. *See Freightliner Corp. v. Myrick*, 514 U.S. 280, 287 (1995). Given the preemption issue involved in this action, any amendment would be futile. Therefore, Defendants' Motion is GRANTED, and this action is hereby DISMISSED WITHOUT LEAVE TO AMEND.

IT IS SO ORDERED.

|   |   |
|---|---|
| -- | : 00 |
| Initials of Preparer | RGN |